HON. ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WASHINGTON STATE PHARMACY ASSOCIATION, a Washington corporation; NATIONAL COMMUNITY PHARMACISTS ASSOCIATION, a Virginia corporation; NATIONAL ASSOCIATION OF CHAIN DRUG STORES, a Virginia corporation; SHIRAZ SPECIALTY PHARMACY, INC., a Washington corporation; CATHLAMET PHARMACY, INC., a Washington corporation; CAMMACK'S PHARMACIES, INC. d/b/a JIM'S PHARMACY, a Washington corporation; INDEPENDENT PHARMACISTS RELIEF SERVICE, INC. d/b/a RITZVILLE DRUG COMPANY, a Washington corporation; SOAS, L.L.C., a Washington corporation; CAMP-RILEY DRUG COMPANY d/b/a PHARM-A-SAVE, a Washington corporation; and PAUL GLASEBROOK, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTINE GREGOIRE, not individually, but solely in her official capacity as Governor of the State of Washington; STAN MARSHBURN, not individually, but solely in his official capacity as Interim Secretary of the Washington State Department of Social and Health Services; and WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Defendants. | NO. C09 5174-BHS<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER** |

ORDER GRANTING MOTION FOR TEMPORARY
RESTRAINING ORDER
Page 1

This Matter came before the Court on Plaintiffs' Motion for Temporary Restraining Order. Plaintiffs have sought to enjoin the implementation by Defendants of a six (6) percent reduction in reimbursement for prescription drug products reimbursed by the Washington State Medicaid Program. The court has heard the oral argument of counsel and has considered the entire file.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs have demonstrated the following:

1. Plaintiffs have a reasonable likelihood of success on the merits of their Complaint for Injunctive and Declaratory Relief under several theories, including that:
    a) The April 1, 2009 rate cut is preempted by federal law because the Department failed "to assure that payments [to Medicare beneficiaries] are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area" as required by 42 U.S.C. § 1936A(a)(30)(A) or has acted in a manner to otherwise violate that law, and thus violates the Supremacy Clause of the United States Constitution, Art. VI, Sec. 2;
    b) The Department did not adequately consult with the stakeholders and other interested parties before promulgating the April 1,2009 rate cut; and
    c) The April 1, 209 rate cut will reduce quality of care delivered to Medicaid beneficiaries in Washington and as such violates state law.
2. The Pharmacies, Paul Glasebrook, and similarly situated Medicaid providers and beneficiaries will suffer irreparable harm if the Medicaid rate cut scheduled for April 1, 2009 goes into effect;

3. The balance of harms favors granting the temporary restraining order because when faced with a conflict between financial concerns and preventable human suffering, the balance of hardship tips in the favor of preventing human suffering; and

4. Enjoining the rate cut is in the public interest because the public has an overriding interest that State government comply with state and federal law and it is in the public interest to ensure that the plaintiff pharmacies can continue to serve Medicaid beneficiaries and that said beneficiaries have access to needed prescription drugs. Furthermore, bond should not be required.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Temporary Restraining Order is GRANTED. The Court orders Defendants Governor, Interim Secretary of Washington Department of Social and Health Services, and Washington Department of Social and Health Services, their agents, servants, employees, attorneys, successors, and all those working in concert with them to refrain from enforcing the six percent increase in the discount to Average Wholesale Price set forth in the February 26, 2009 memorandum promulgated by the Department.

A hearing on Plaintiffs' Motion for Preliminary Injunction is set for April 9, 2009, at 10:00 a.m., in the Hon. Benjamin Settle's Courtroom, United States Courthouse, Tacoma WA.

DATED this 31st day of March, 2009.

ROBERT J. BRYAN
United States District Judge